UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN GRIESINGER | : | Case No.: 1:06 CV 569 |
| Plaintiff, | : | Judge J. BARRETT |
| v. | : | COMPLAINT WITH JURY DEMAND |
| | : | J. BLACK |
| LOVELAND CITY SCHOOL DISTRICT | : | |
| and | : | |
| LINDA LANG | : | |
| and | : | |
| RODNEY HOUSLEY | : | |
| and | : | |
| MICHAEL RAPP | : | |
| and | : | |
| MOLLY MOREHEAD | : | |
| Defendants. | : | |

06 AUG 29 PM 2:25
FILED
JAMES BONINI
CLERK

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983 and state law. Specifically, Plaintiff alleges that after complaining to school administrators about the arbitrary and discriminatory manner in which the Loveland High School Dance Team was managed, he was falsely arrested,

maliciously prosecuted and intentionally publicly humiliated in retaliation for his complaints.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress injuries suffered by Plaintiff for deprivation under color of state law of rights secured by the First, Fourth and Fourteenth Amendment to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue in the United States District Court, Southern District of Ohio, is proper pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff is a resident of Hamilton County, Ohio.

5. Defendant Loveland City School District (the District) is a public entity that has five schools and an early childhood center providing public education to the children of three Ohio counties—Hamilton, Clermont and Warren. Loveland High School is part of the District. At all relevant times, the District, through its policymakers, acted under color of state law.

6. Defendant Linda Lang is the Dance Team Coach of Loveland High School. At all relevant times, Defendant Lang acted under color of state law. Defendant Lang is sued in her individual capacity.

7. Defendant Rodney Housley is a deputy sheriff with the Hamilton County Sheriff's Office who is assigned to Loveland High School. At all relevant times, Defendant Housley acted under color of state law. Defendant Housley is sued in his individual capacity.

8. Defendant Michael Rapp is the former Athletic Director of Loveland High School. At all relevant times, Defendant Rapp acted under color of state law. Defendant Rapp is sued in his individual capacity.

9. Defendant Molly Morehead is the principal of Loveland High School. At all relevant times, Defendant Morehead acted under color of state law. Defendant Morehead is sued in her individual capacity.

## IV. FACTS

10. Plaintiff's daughter is a student at Loveland High School. She has attended Loveland High School since her freshman year. She is a junior for academic year 2006-2007.

11. Loveland High School sponsors a Dance Team as an extracurricular activity. Members of the Dance Team provide a few minutes of entertainment during half-time at basketball games by performing a short hip-hop dance routine.

12. Defendant Linda Lang is the Dance Team coach.

13. Plaintiff's daughter has participated on the Dance Team since her freshman year.

14. When Plaintiff's daughter was less than one year old, she was diagnosed with a brain tumor that required several surgeries and chemotherapy. As a result, Plaintiff's daughter was left with some physical limitations compared to other girls her age. For example, her left eye has limited mobility compared to her right eye, she is very small and petite. She has some short term memory problems and she has some speech irregularities.

15. Her disabilities impact her appearance, speech and classwork, but not her ability to dance.

16. Several of Ms. Lang's decisions concerning the management of the Dance Team have resulted in the marginalization and degradation of Dance Team members, including Plaintiff's daughter.

17. Plaintiff has been a vocal critic of Ms. Lang's management of the Dance Team.

18. Plaintiff has on numerous occasions met with administrators at Loveland High School and the Loveland School District to discuss his concerns with Ms. Lang.

19. On December 22, 2005, Plaintiff and his wife attended a Dance Team performance during a Loveland High School basketball team game.

20. Plaintiff's wife brought a video camera to videotape the Dance Team performance.

21. Ms. Lang was also at the basketball game.

22. Ms. Lang wore a top that revealed her breast cleavage.

23. While videotaping the Dance Team performance, Plaintiff also briefly videotaped Ms. Lang as she walked by the Dance Team, as requested by Plaintiff's wife.

24. On December 28th, Plaintiff e-mailed Defendants Rapp and Morehead. The e-mail stated that he and his wife were "writing to express our displeasure with Mrs. Lang for more instances of poor judgment. The school was dissatisfied with a Dance Team outfit last year because the top had only one shoulder strap. At the game [on December 22nd], Mrs. Lang was dressed inappropriately for the occasion, with a very low top that was too revealing, a violation of school district dress code. Mrs. Lang should be a positive role model in her words, actions, and appearance. If one of the students dressed this way, we are quite sure the school would have a problem with it violating the dress code."

25. Defendant Rapp responded that he interviewed Ms. Lang and two other witnesses and concluded that Ms. Lang was not dressed inappropriately.

26. Plaintiff and Plaintiff's wife replied via e-mail and Plaintiff's wife attached three still pictures from the videotape. Plaintiff and Plaintiff's wife asked Defendant Rapp to "judge for yourself whether [her attire] was appropriate." Defendant Morehead was copied on the e-mail and attachments.

27. Upon information and belief, Defendants Rapp and Morehead provided Defendants Housley and/or Lang with a copy of the e-mail and attachments.

28. Defendant Housley helped Defendant Lang complete her Complaint and affidavit to have Plaintiff charged with voyeurism. Defendant Housley agreed to serve as a witness on the criminal charge.

29. Defendant Housley had the discretion to simply cite Plaintiff on this charge instead of physically arresting him.

30. Defendant Housley had the discretion to physically arrest Plaintiff away from school property.

31. Instead, Defendants conspired to have Plaintiff arrested during half-time at a basketball game.

32. Plaintiff was escorted from the school in handcuffs while other parents and students looked on, laughing and clapping.

33. Plaintiff's wife was spat upon by other parents, verbally attacked, with the feeling that her physical safety was threatened.

34. Plaintiff was shamed, humiliated, degraded and demoralized by the experience.

35. Plaintiff has never been charged with a crime before, much less arrested or handcuffed.

36. The charges against Plaintiff were false.

37. There was no probable cause to arrest or continue to prosecute Plaintiff.

38. Plaintiff was ultimately tried and acquitted of the criminal charge.

39. Plaintiff suffered emotional distress and economic damage as a result.

## V. FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983: First Amendment Retaliation Claim

40. Defendants have, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including inter alia, the First and Fourteenth Amendment to the United States Constitution. Specifically, Plaintiff was retaliated against in violation of his First Amendment right to petition the District about his grievances concerning the Dance Team.

## VI. SECOND CLAIM FOR RELIEF: 42 U.S.C. § 1983: Fourth Amendment Violation for Malicious Prosecution

41. Defendants have, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including inter alia, the Fourth and Fourteenth Amendment to the United States Constitution. Specifically, Defendants Housley and Lang lacked probable cause to prosecute Plaintiff, and their unconstitutional behavior was ratified by Defendants the District, Rapp and Morehead.

## VII. THIRD CLAIM FOR RELIEF: State Law Claims for Malicious Prosecution

42. Defendants maliciously instituted and/or continued to prosecute Plaintiff without probable cause to do so.

## VIII. FOURTH CLAIM FOR RELIEF: State Law Claims for False Arrest

43. Defendants unlawfully detained Plaintiff.

## IX. FIFTH CLAIM FOR RELIEF: State Law Claim for Intentional Infliction of Emotional Distress

44. Defendants intentionally inflicted extreme emotional distress on Plaintiff. Their conduct is outrageous in character and beyond all possible bounds of decency.

## X. SIXTH CLAIM FOR RELIEF: 42 U.S.C. § 1983: Fourth Amendment Violation: Abuse of Process

45. Defendants have, under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including inter alia, the Fourth and Fourteenth Amendment to the United States Constitution. Specifically, Defendants perverted the legal proceedings against Plaintiff to accomplish an ulterior purpose for which the proceedings were not designed and thereby directly damaged Plaintiff from the wrongful use of process.

## XI. SEVENTH CLAIM FOR RELIEF: State Law Claim for Abuse of Process

46. Defendants perverted the legal proceedings against Plaintiff to accomplish an ulterior purpose for which the proceedings were not designed and thereby directly damaged Plaintiff from the wrongful use of process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a. Grant compensatory damages against all Defendants in an amount to be determined at trial;

b. Grant punitive damages against the individual Defendants in an amount to be determined at trial;

c. Award his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d. Grant Plaintiff a trial by jury; and

e. Award such other and further and relief as is just and necessary.

Respectfully submitted,

Lisa T. Meeks (0062074)
Robert B. Newman (0023484)
NEWMAN & MEEKS CO., L.P.A.
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
Phone: (513 ) 639-7000

Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury.

Lisa T. Meeks (0062074)