**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN GRIESINGER | Case No. **1:06CV569** |
| Plaintiff, | Judge Barrett |
| v. | |
| LOVELAND CITY SCHOOL DISTRICT, ET AL | **DEFENDANT RODNEY HOUSLEY'S MOTION TO DISMISS** |
| Defendants | |

Defendant Rodney Housley moves the Court for an order dismissing Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim upon which relief can be granted. The reasons for dismissal are further detailed in the attached memorandum.

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/Jerome A. Kunkel*
Jerome A. Kunkel, 0039562
Thomas Deye, 0021508
Assistant Prosecuting Attorneys
230 E. 9th St., Ste.4000
Cincinnati, Ohio 45202
Ph 513.946.3103
Attorneys for Rodney Housley

## MEMORANDUM

**1) FACTS**

Paraphrasing the headline from the Cincinnati Enquirer, Plaintiff John Griesinger has sued his daughter's Loveland High School dance team coach, Linda Lang, in federal court attempting to make his "feud" with the coach into a "federal case". Included for good measure as defendants in the suit are Loveland school officials Michael Rapp and Molly Morehead, as well as, Rodney Housley, a Hamilton County Sheriff's Deputy assigned to the school as a resource officer.

Plaintiff maintains that it is normal, rational and completely legal for him to videotape the coach's breast cleavage without her knowledge or consent and e-mail still pictures of her cleavage to her supervisors. (Complaint para. 19-26). Plaintiff claims the defendants conspired to violate his civil rights by fabricating a criminal charge of voyeurism against him. He claims this was done in order to stop him from complaining about the way the dance team was being coached. He seeks damages for that retaliation, false arrest and malicious prosecution. He further claims that he was arrested and prosecuted without probable cause and that he took his criminal case to trial and ultimately won an acquittal on the charge. (Complaint para. 37 and 38).However, there is no official record of any such proceeding in any Court in Hamilton County.

**2) LAW**

**A)RULE 12(b)(6) STANDARD**

A Motion To Dismiss under Fed. R. Civ. P. 12(b)(6) challenges whether a cognizable claim has been pleaded in Plaintiff's complaint. The basic federal pleading requirements are set

forth in Fed. R. Civ. P. 8(a). Said rule requires that a pleading contain a plain statement of the claim demonstrating that the plaintiff is entitled to the relief sought. For purposes of the motion all of the factual allegations pled in the complaint are to regarded as true. However, more than bare assertions of legal conclusions are required and the complaint must contain either direct or inferential allegations as to all the material elements necessary for recovery. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F. 2d 434 (6th Cir. 1988).

**B) FEDERAL LAW CLAIMS**

In the instant case, Plaintiff has brought three claims for relief under 42 U.S.C. 1983: a First Amendment retaliation claim and two Fourth Amendment claims, i.e., malicious prosecution and abuse of process. The retaliation claim alleges that the defendants brought false charges against him in order to silence his criticism of the dance team. (Comp. para. 40). The malicious prosecution and abuse of process claims allege Defendants lacked probable cause to prosecute Plaintiff and perverted the legal process through their prosecution of false charges against him. (Comp. para. 41 and 45). Thus, all three of Plaintiff's federal law claims are based on the arrest and criminal prosecution of Plaintiff by Defendants.

Clearly the linchpin to Plaintiff's recovery in this complaint is whether or not Defendants had probable cause to arrest and prosecute him. Indeed, the Sixth Circuit has held that for a federal malicious prosecution claim a plaintiff must prove there was no probable cause to justify his arrest and prosecution. *Thacker v. City of Columbus,* 328 F. 3d 244 (6th Cir. 2003).

Under a Rule 12 (b)(6) analysis, the lack of probable cause is a material element to Plaintiff's ability to sustain recovery on his complaint. Therefore his complaint must contain either "direct or inferential allegations" as to the lack of probable cause and not just "bare

assertions of legal conclusions” in order to satisfy the requirements of Rule 8 (a). *Scheid*, supra.

The allegations regarding the criminal charges, arrest and prosecution are contained in paragraphs 36, 37 and 38 of Plaintiff’s Complaint. Paragraph 36 reads: “The charges against Plaintiff were false.” Paragraph 37 reads: “There was no probable cause to arrest or continue to prosecute Plaintiff.” Paragraph 38 reads: “Plaintiff was ultimately tried and acquitted of the criminal charge.”

Clearly the statements that the charges were false and there was no probable cause are no more than the “bare assertions of legal conclusions” referred to by the Sixth Circuit in *Scheid*. In his complaint he fails to allege **any** facts in support of the material element of his claims. Such unsupported assertions of legal conclusions are insufficient allegations of this material element and fail to satisfy the requirements of Rule 8(a).

The allegations in paragraph 38 can be read to mean that plaintiff had a criminal trial in State Court and was found “Not Guilty” of the charge. These facts do not support the assertion that there was no probable cause for the criminal charge. Actually, under Ohio R. Crim. P. 29, these facts indicate a finding by the state judge of probable cause for the criminal charge. If there had been a finding of no probable cause, the trial would not have proceeded to a verdict. *Dayton v. Rogers* (1979), 60 Ohio St. 2d 162, 398 NE 2d 781. In a trial to a jury, the judge does not permit the case to be submitted to the jury if there is no probable cause. In a trial to the court, a Rule 29 motion happens automatically after the plea of not guilty is renewed immediately before the witnesses are sworn at the start of the trial. When Plaintiff alleges he was tried, without any other facts, that implies a full trial which includes a Rule 29 determination of probable cause.

The State Court’s ruling under Ohio R. Crim. P. 29 is dispositive of this lawsuit. If that

court denied the motion for acquittal under Rule 29, then there was a finding of probable cause to institute the prosecution, and under Ohio law such a finding is a meritorious defense to a subsequent malicious prosecution action. *Dowers v. Krause,* (1st Dist. Ct. of App. Hamilton County) 2004 Ohio 1487, 2004 Ohio App. LEXIS 1325, unreported.

Conversely, if that court granted the motion, then there was a finding of no probable cause. Where the state affords an opportunity for an accused to contest probable cause, and the accused does so, a finding of probable cause by the state judge should foreclose re-litigation of that finding in a subsequent 42 U.S.C. 1983 action. *Coogan v. City of Wixom,* 820 F. 2d 170 (6th Cir. 1987).

Plaintiff could have pled facts which would clearly dominate this case, but did not. In *Scheid,* the Sixth Circuit held that when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist. Not only did Plaintiff not plead any facts regarding Rule 29, he failed to identify which court presided over his trial. Assuming it was Hamilton County Court, Plaintiff must have had the records of the prosecution sealed because there exists no official record of any criminal proceedings against him in Hamilton County.

In accordance with the Sixth Circuit's holding in *Scheid*, and Ohio R. Crim. P. 29, this Court should assume that the state court made a finding of probable cause to institute the criminal proceedings against Plaintiff. Then, following the Sixth Circuit's guidance in *Coogan*, this Court should rule that Plaintiff is collaterally estopped from re-litigating that same issue of probable cause in his 42 U.S.C. 1983 claims. Thus, this Court should then dismiss his federal law claims  because he can not litigate what the Sixth Circuit in *Thacker* considers to be the

minimum necessary element to a malicious prosecution under section 1983.

**C) STATE LAW CLAIMS**

Plaintiff brings state law claims against Defendant for: malicious prosecution, false arrest, intentional infliction of emotional distress, and abuse of process. All of these claims are also based on an alleged lack of probable cause on the part of Defendant to arrest and prosecute Plaintiff. The Sixth Circuit in *Thacker* held that dismissal without prejudice to being re-filed in state court is appropriate were the federal claims are dismissed before trial. This Court should refuse to exercise pendant jurisdiction and dismiss the state law claims as well.

**3) CONCLUSION**

Plaintiff has failed to plead facts in his complaint regarding a state court finding of probable cause in the criminal case against him. Such facts would dominate this case because probable cause for his arrest and prosecution would be the dispositive issue in a trial of this matter. According to Ohio criminal law a finding of probable cause is mandated prior to a verdict. Thus this Court should assume that a finding of probable cause for the charge against Plaintiff has already been made by the state court. Res Judicata does not permit Plaintiff to re-litigate this issue in this Court. The Complaint should be dismissed in it's entirety.

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Jerome A. Kunkel*
Jerome A. Kunkel, 0039562
Thomas Deye, 0021508

Assistant Prosecuting Attorneys
230 E. 9th St., Ste.4000
Cincinnati, Ohio 45202
Ph. (513)946-3103
Fax (513)946-3018
Trial Attorneys for R. Housely

**CERTIFICATE OF SERVICE**

I hereby certify on October 25, 2006, a copy of the foregoing Defendant's Motion to Dismiss with Memorandum was electronically filed. Notice of its filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Jerome A. Kunkel*
Jerome A. Kunkel, 0039562