**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN GRIESINGER,** | : | **CASE NO. 1:06CV569** |
| | : | |
| **Plaintiff,** | : | **Judge Barrett** |
| | : | |
| **-vs-** | : | **MOTION TO DISMISS DEFENDANTS** |
| | : | **LOVELAND CITY SCHOOL DISTRICT,** |
| **LOVELAND CITY SCHOOL** | : | **LINDA LANG, MICHAEL RAPP AND** |
| **DISTRICT, et al.,** | : | **MOLLY MOREHEAD PURSUANT TO** |
| | : | **FED. R. CIV. P. 12(B)(6)** |
| **Defendants.** | : | |

Now come Defendants, Loveland City School District, Linda Lang, Michael Rapp and Moll Morehead ("Loveland Defendants"), by and through counsel, and respectfully request this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim against these Defendants upon which relief can be granted. The Motion is more fully supported by the attached Memorandum.

## MEMORANDUM

## I. Background

On August 29, 2006, Plaintiff John Griesinger filed a Complaint asserting causes of action for violation of 42 U.S.C. §1983, and pendant State law claims, all of which allegedly arose as a result of a false arrest. See Plaintiff's Complaint.

Specifically, Plaintiff alleges his daughter was a member of the Loveland High School Dance Team and he made complaints regarding the way its coach, Linda Lang, carried out her duties. Plaintiff's Complaint at ¶¶ 12, 13, 17. During a dance team performance, Plaintiff videotaped Defendant Lang's breast cleavage and subsequently e-mailed still pictures of her cleavage to Loveland High School administrators. Plaintiff's

Complaint at ¶¶ 19-26. As a result of this behavior, Plaintiff was charged with criminal voyeurism. Plaintiff's Complaint at ¶ 28.

Plaintiff now claims that the criminal charges were filed to retaliate against him for his complaints about how the dance team was being coached. He claims that he was arrested and prosecuted without probable cause, but that he was ultimately tried and acquitted of the voyeurism charge. Plaintiff's Complaint at ¶¶ 37, 38. However, no official record of any such proceeding exists in any court in Hamilton County.

## II. Law and Argument

### *A. Rule 12(b)(6) Motion to Dismiss Standard*

A 12(b)(6) Motion to Dismiss challenges whether a Plaintiff's Complaint states a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(A) sets forth the basic pleading requirements such that a pleading must contain a plain statement of the claim showing that the plaintiff is entitled to the relief sought. In reviewing dismissals under this Rule, factual allegations in the Complaint must be regarded as true; however, **more than bare assertions of legal conclusions are required and the Complaint must contain either direct or inferential allegations respecting all the material elements necessary for recovery. Scheid v. Fanny Farmer Candy Shops, Inc.,** 859 F2d 434 (6th Cir. 1988). (Emphasis added).

### *B. Federal Law Claims*

In the present case, Plaintiff brings three claims under 42 U.S.C. § 1983, all of which are based on the initiation of an arrest and criminal prosecution of Plaintiff by the Loveland Defendants. The First Amendment Retaliation Claim alleges that these Defendants

initiated false charges against Plaintiff in response to his complaints about the dance team. Plaintiff's Complaint at ¶ 40. The Fourth Amendment Malicious Prosecution claim and the Fourth Amendment Abuse of Process claim allege that these Defendants lacked probable cause to prosecute plaintiff and perverted the legal proceedings against plaintiff to accomplish an ulterior purpose for which the proceedings were not designed. Plaintiff's Complaint at ¶ 41, 45.

It is abundantly clear that the main criterion for Plaintiff's recovery of damages in this case is whether or not these Defendants had probable cause to initiate the arrest and prosecution of him. In Thacker v. City of Columbus, 328 F3d 244 (6th Cir. 2003), the Sixth Circuit held in a federal malicious prosecution case that a Plaintiff must show as a material element of his claim that no probable cause existed to justify his arrest and prosecution.

As a result, when applying the Rule 12(b)(6) standard to this case, the lack of probable cause is a material element of Plaintiff's ability to recover and damages for any of the causes of action contained in his Complaint. Therefore, this Complaint must contain more than simply bare assertions of legal conclusions; instead, there must be either direct or inferential allegations as to the lack of probable cause in order to satisfy the proper pleading requirements in Federal Rule of Civil Procedure 8(A). See Scheid, supra.

With regard to any factual basis for the material element of "lack of probable cause", the Complaint contains the following bare assertions: "The charges against Plaintiff were false". Plaintiff's Complaint at ¶ 36. "There was no probable cause to arrest or continue to prosecute Plaintiff." Plaintiff's Complaint at ¶ 37, and "Plaintiff was ultimately tried and acquitted of the criminal charge." Plaintiff's Complaint at ¶ 38.

These statements in the Complaint alleging that the charges were false and there was no probable cause to arrest or prosecute Plaintiff are precisely the types of "bare assertions of legal conclusions" that the Sixth Circuit refers to in Scheid. Nowhere in his Complaint does Plaintiff allege any additional facts that would support these claims. These unsupported assertions of bare legal conclusions are not enough to plead the necessary material element of "lack of probable cause" to satisfy the Rule 8(A) requirements. Id.

In fact, the statement in the Complaint referencing Plaintiff's acquittal on the criminal voyeurism charge indicates that Plaintiff was a Defendant in a State court criminal trial and that he was ultimately found not guilty of the charge. This provides absolutely no support for Plaintiff's assertion that the criminal charge lacked probable cause. Instead, these facts, under Ohio Rule of Criminal Procedure 29, unequivocally indicate a finding by the State court Judge of probable cause for the criminal charge in the first place. If there had been a finding of no probable cause, the trial would not have gone to a verdict. Dayton v. Rogers (1979), 60 OS2d 162. In a jury trial, if a charge is lacking in probable cause, the Judge does not permit the case to be submitted to the jury. In a trial to the Court, a Rule 29 motion occurs automatically immediately before the witnesses are sworn in at the start of the trial, after the Defendant's plea of not guilty is renewed. When a Plaintiff makes the bare allegations that he was tried and acquitted, without any other facts, the implication is that a full trial took place, including a Rule 29 determination of probable cause.

Therefore, the ruling of the State court under Ohio Rule of Criminal Procedure 29 is dispositive of the present lawsuit. Allowing the criminal charge to go to verdict, as is alleged herein, explicitly establishes there was a finding of probable cause to institute the

prosecution and, under Ohio law, this finding is a legitimate defense to a malicious prosecution action filed at a later time. Dowers v. Krause, 2004 Ohio 1487 (1st Dist. Unreported), copy attached. This is because a finding of probable cause by the State court Judge in denying a Rule 29 Motion forecloses re-litigation of such a finding in a subsequent 42 U.S.C. § 1983 action. Coogan v. City of Wixom, 820 F2d 170 (6th Cir. 1987) citing Allen v. McCurry, 449 U.S. 90 (1980).

As noted, Plaintiff's Complaint contains only bare allegations of the material elements of his claim, with no factual allegations in support. When a Complaint leaves out facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist. See Scheid, supra. Once again, Plaintiff had the opportunity to plead facts that would have dominated the case, but he did not.

When following the Sixth Circuit's holding in Scheid, and taking Ohio Rule of Criminal Procedure 29 into consideration, this Court should come to the conclusion that the State court found that probable cause existed in the Plaintiff's criminal proceeding. This finding, coupled with the Sixth Circuit's guidance in Coogan, should result in Plaintiff being collaterally estopped from relitigating the same issue of probable cause with respect to his 42 U.S.C. § 1983 claims in this case. As a result, this Court should order a dismissal of Plaintiff's federal law claims. See Thacker, supra.

**C. State Law Claims**

Plaintiff, in addition to the federal law claims, has also brought state law claims against the Loveland Defendants for malicious prosecution, false arrest, intentional inflection of emotional distress and abuse of process. Similar to the federal law claims,

each of the state law claims are based on the alleged lack of probable cause on the part of these Defendants to initiate the arrest and prosecution of Plaintiff.

A dismissal in federal court without prejudice to being re-filed in state court is appropriate where the federal claims had been dismissed prior to trial. See Thacker, supra. As a result, this Court should not exercise pendant jurisdiction, but instead dismiss the State law claims in this case without prejudice. Id.

## III. Conclusion

Dismissal of Plaintiff's Complaint in its entirety is proper because Ohio criminal law requires a finding of probable cause prior to a verdict and this Court should conclude, based on the facts alleged by Plaintiff, that a finding of probable cause has already been made by the State court. See Scheid, Supra. *Res Judicata* does not allow Plaintiff to re-litigate the same issue of probable cause in another court.

For the reasons set forth herein, Defendants, Loveland City School District, Linda Lang, Michael Rapp and Molly Morehead respectfully request this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to grant their motion to dismiss and dismiss these causes of action in the Complaint against them.

Respectfully submitted,

/s/ Thomas B. Burns

Thomas B. Bruns (0051212)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, OH 45202-4006
Phone: (513) 665-3500/Fax: (513) 618-3915
Attorney for Defendants, Loveland City School District, Linda Lang, Michael Rapp and Molly Morehead

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I filed the foregoing document using the Court's CM/ECF system, which will send notification of filing to the following:

Lisa T. Meeks
Robert B. Newman
NEWMAN & MEEKS, CO., L.P.A.
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
*Attorney for Plaintiff*

Jerome Kunkel
Thomas Deye
Assisting Prosecuting Attorneys
230 E. 9th Street, Ste. 4000
Cincinnati, Ohio 45202

/s/ Thomas B. Bruns
Thomas B. Bruns

901-70027