Source: Legal > / . . . / > **OH State Cases, Combined**
Terms: **dowers w/40 krause** (Edit Search | Suggest Terms for My Search)

*2004 Ohio 1487, *; 2004 Ohio App. LEXIS 1325, ***

NATHAN **DOWERS,** Plaintiff-Appellant, vs. HEIDE **KRAUSE,** Defendant-Appellee.

APPEAL NO. C-030644

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

2004 Ohio 1487; 2004 Ohio App. LEXIS 1325

March 26, 2004, Decided

**NOTICE: [**1]** THESE ARE NOT OFFICIAL HEADNOTES OR SYLLABI AND ARE NEITHER APPROVED IN ADVANCE NOR ENDORSED BY THE COURT. PLEASE REVIEW THE CASE IN FULL.

**PRIOR HISTORY:** Civil Appeal From: Hamilton County Municipal Court. TRIAL NO. 02CV-27400.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff injured party appealed the judgment of the Hamilton County Municipal Court (Ohio) granting the motion filed by defendant to set aside default judgment entered on the injured party's complaint against defendant that alleged malicious prosecution and fraud.

**OVERVIEW:** The injured party alleged that defendant altered her copy of a protection order and thereby caused the injured party to be incarcerated for two days. The injured party was ultimately acquitted of criminal charges. The injured party ultimately served defendant by publication. The trial court properly granted defendant's motion to set aside the default judgment pursuant to Ohio R. Civ. P. 60(B)(5). The injured party did not minimally comply with the requirements of Ohio R. Civ. P. 4.4(A) in serving defendant by publication. Because defendant's residence was known, the injured party had to state how service by publication was authorized by law. There was no suggestion in the injured party's affidavit that supported the praecipe for service of summons by publication that defendant had concealed her whereabouts to avoid service of summons pursuant to Ohio Rev. Code Ann. § 2703.14(L), or specifically what, if any, efforts the injured party had used to locate her. Furthermore, defendant had a meritorious defense to the malicious prosecution claim.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** default judgment, service of process, summons, reasonable diligence, meritorious defense, whereabouts, ascertain, affiant, unknown, rem, malicious prosecution, attempted service, certified mail, altered, marked

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Civil Procedure > Pleading & Practice > Service of Process > General Overview

Civil Procedure > Pretrial Judgments > Default > Relief From Default

HN1 A failure of service of process constitutes grounds for relief from a default judgment under Ohio R. Civ. P. 60(B)(5). More Like This Headnote

Civil Procedure > Judgments > Relief From Judgment > General Overview

HN2 To prevail on a motion brought under Ohio R. Civ. P. 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Ohio R. Civ. P. 60(B)(1)-(5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Ohio R. Civ. P. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. More Like This Headnote

Civil Procedure > Judgments > Relief From Judgment > General Overview

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

HN3 The decision to grant or to deny Ohio R. Civ. P. 60(B) relief is committed to the sound discretion of a trial court and will not be disturbed on appeal in the absence of some demonstration that the court has abused its discretion. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods > Publication

HN4 When a party attempts to obtain service by publication, strict compliance with Ohio R. Civ. P. 4.4 is required, and when service of process is defective, any judgment rendered on the complaint is a nullity and is void. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview

HN5 When a defendant's residence is unknown, Ohio R. Civ. P. 4.4(A) provides for service by publication. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process > Methods > Residential Service

Civil Procedure > Pleading & Practice > Service of Process > Proof > General Overview

Civil Procedure > Counsel > General Overview

HN6 Before service by publication can be made, Ohio R. Civ. P. 4.4(A) requires that an affidavit of the party or counsel must be filed with a court and shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence. More Like This Headnote

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview

Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview

HN7 When a defendant's residence is known, Ohio R. Civ. P. 4.4(B) permits service by publication only where authorized by law -- typically for in rem actions -- and only where other more particularized methods of giving notice are unavailable or

ineffective. Even for in rem actions, due process requires that a defendant receive a type of notice or service more effective than publication if defendant's residence is known to plaintiff. More Like This Headnote

◆ Hide Headnotes

**HEADNOTES:** PROCEDURE / RULES

**SYLLABUS:** The trial court did not abuse its discretion by granting defendant's Civ.R. 60(B) motion to vacate the default judgment entered against defendant on plaintiff's complaint for malicious prosecution and fraud: Defendant established an entitlement to relief under Civ.R. 60(B)(5) by demonstrating that the affidavit offered in support of service of the complaint by publication did not conform with Civ.R. 4.4(A); and she demonstrated that she had a meritorious defense to present to plaintiff's claims if relief were granted.

Plaintiff's failure to serve his complaint upon defendant by publication in conformity with Civ.R. 4.4(A) provided a ground for relief under Civ.R. 60(B)(5) from the default judgment entered against defendant on the complaint: Civ.R. 4.4(A) permits service of summons by publication only upon an affidavit of a plaintiff or his counsel, averring that service could not be made because a defendant's residence was unknown, or that service by publication **[**2]** was otherwise authorized by law; and the affidavit of plaintiff's counsel for service of the complaint upon defendant by publication averred only that defendant still resided at the address listed in the caption of the complaint, and that reasonable diligence had been employed to ascertain her whereabouts

**COUNSEL:** Robert E. Owens, Jr., for Plaintiff-Appellant,.

Melanie B. Walls, for Defendant-Appellee.

**JUDGES:** GORMAN, Judge. DOAN, P.J., and SUNDERMANN, J., concur.

**OPINION BY:** GORMAN

**OPINION:**

GORMAN, Judge.

**[*P1]** Plaintiff-appellant Nathan **Dowers** appeals from the trial court's judgment granting the motion of the defendant-appellee, Heidi **Krause,** to "set aside default judgment" entered on **Dowers's** complaint against her for malicious prosecution and fraud. Finding that the trial court did not abuse its discretion in vacating the default judgment, we affirm.

**[*P2]** **Dowers** filed a complaint seeking damages against **Krause** for malicious prosecution and fraud, claiming that she had altered her copy of a protection order and had thereby caused him to be incarcerated in the Hamilton County Justice Center for two days. **Dowers** was ultimately acquitted of the criminal charges.

**[*P3]** **Dowers** **[**3]** attempted service of process by certified mail at **Krause's** address as it was listed in the caption of the complaint. The certified mail was returned marked "unclaimed." He next attempted service by ordinary mail, which was returned with the notation, "not at this address." He then requested personal service at the same address. The sheriff's return was marked, "unable to serve."

**[*P4]** On February 6, 2003, **Dowers** filed a praecipe for service of summons by publication, with an accompanying affidavit. Subsequently, the magistrate granted a default

judgment against **Krause** in the sum of $ 10,000. The trial court adopted the magistrate's report on May 22, 2003. On June 26, 2003, **Dowers** certified the default judgment as a lien against **Krause's** real estate.

**[*P5]** **Krause** filed her motion to "set aside" the default judgment on July 14, 2003. She urged the trial court to grant her motion because, she stated, "she was never properly served for a court date and was not there to defend herself at court." After **Dowers** had filed a memorandum in response to the motion, the trial court, without elaboration, granted **Krause's** motion and set the case for a pretrial conference.

**[*P6]** **[**4]** The trial court's order "setting aside" the default judgment was a final appealable order. See R.C. 2505.02(B)(3). We, therefore, have jurisdiction to address **Dowers's** immediate appeal of the trial court's order. See R.C. 2505.03(A).

**[*P7]** HN1A failure of service of process constitutes grounds for relief from a default judgment under Civ.R. 60(B)(5). See *Infinity Broadcasting, Inc. v. Brewer,* 1st Dist. No. C-020329, 2003 Ohio 1022, at P6; see, also, *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App. 3d 126, 128, 521 N.E.2d 845. HN2"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken." *GTE Automatic Elec. v. ARC* Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, **[**5]** paragraph two of the syllabus. HN3The decision to grant or to deny Civ.R. 60(B) relief is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion. See *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564, syllabus.

**[*P8]** We have held that HN4when, as here, a party attempts to obtain service by publication, strict compliance with Civ.R. 4.4 is required, and that "[when] service of process is defective, any judgment rendered on the complaint is a nullity and is void." *Anstaett v. Benjamin,* 1st Dist. No. C-010376, 2002 Ohio 7339, at P13-14, citing *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606.

**[*P9]** HN5When a defendant's residence is unknown, Civ.R. 4.4(A) provides for service by publication. But HN6before service by publication can be made, Civ.R. 4.4(A) requires that an affidavit of the party or counsel must be filed with the court and "*shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts* **[**6]** *made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.*" (Emphasis added.) HN7When, however, the defendant's residence is known, Civ.R. 4.4(B) permits service by publication only where authorized by law--typically for in rem actions--and only where other more particularized methods of giving notice are unavailable or ineffective. Even for in rem actions, "due process requires that a defendant receive a type of notice or service more effective than publication if defendant's residence is known to plaintiff." 4 Anderson's Ohio Civil Practice (1996) 263, Section 150.56.

**[*P10]** The affidavit of **Dowers's** counsel in support of service by publication did not minimally comply with the requirements of Civ.R. 4.4(A). His affidavit stated, "The Defendant is *still residing at* 6245 Sturdy Road, Cincinnati Ohio 45230. * * * Affiant further states reasonable diligence was utilized to ascertain the whereabouts of the party to be served." (Emphasis added.) If the residence of **Krause** was known, as the affidavit for publication stated, it was incumbent upon **Dowers** under Civ.R. 4.4 to state **[**7]** how service by publication was authorized by law. Those categories that authorize service by

publication are set forth in R.C. 2703.14. Here, there was no suggestion in the affidavit that **Krause** had concealed her whereabouts to avoid service of summons pursuant to R.C. 2703.14(L), as **Dowers** now contends in his brief, or specifically what, if any, efforts he had used to locate her. See *Anstaett v. Benjamin*, supra, at P13. Therefore, **Krause** demonstrated sufficient grounds for relief under Civ.R. 60(B)(5) because of the failure of service of process. See *Infinity Broadcasting, Inc. v. Brewer*, supra, at P6.

**[*P11]** **Krause** also alleged facts in her motion sufficient to satisfy the requirement of Civ.R. 60(B) that she have a meritorious defense to **Dowers's** malicious-prosecution claim. With the overruling of **Dowers's** Crim.R. 29 motion for a judgment of acquittal in his criminal trial and **Krause's** denial that she had altered the protection order, there was evidence of probable cause to institute her prosecution of **Dowers** that was sufficient to counter his claim in his civil action that she had acted intentionally or with malice. **[**8]** See Crim.R. 29.

**[*P12]** For these reasons, the trial court did not abuse its discretion when it granted **Krause's** Civ.R. 60(B) motion. The assignment of error is overruled.

**[*P13]** Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

**DOAN, P.J.,** and **SUNDERMANN, J.**, concur.

Source: Legal > / . . . / > **OH State Cases, Combined**
Terms: **dowers w/40 krause** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, October 27, 2006 - 3:06 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.