UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN GRIESINGER., | : | Case No. 1:06cv569 |
| Plaintiffs, | : | Judge Barrett |
| v. | : | MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANTS HOUSLEY LOVELAND CITY SCHOOL DISTRICT, LANG, RAPP AND MOREHEAD |
| LOVELAND CITY SCHOOL DISTRICT, et al. | : | |
| Defendants. | : | |

## I. INTRODUCTION AND PROCEDURAL POSTURE

John Griesinger complained repeatedly to Loveland School District administrators about Defendant Lang's management of the Loveland High School Dance Team of which his daughter was a member. (Complaint at ¶¶ 10-13, 16-18). He also expressed his concern to administration about Ms. Lang's inappropriate attire at a high school basketball game. (*Id.* at ¶ 24). When informed that school officials concluded that Ms. Lang's attire was not inappropriate, Mr. Griesinger e-mailed three still pictures from a videotape of a Dance Team performance that included a brief video of Ms. Lang as she walked by the Dance Team. (*Id.* at ¶¶ 19-26). Defendants' response was to have Mr. Griesinger arrested and publicly humiliated during half-time at a basketball game. (*Id.* at 27-31). The charge of voyeurism was false, there was no probable cause to arrest or continue to prosecute Mr. Griesinger and ultimately, he was tried and acquitted of the criminal charge. (*Id.* at ¶¶ 36-38).

Mr. Griesinger's Complaint contains Federal claims of First Amendment Retaliation, Fourth Amendment Malicious Prosecution, Fourth Amendment Abuse of Process, and State law claims of malicious prosecution, false arrest, intentional infliction of emotional distress, and abuse of process. Defendant Housley and Defendants Loveland City School District, Lang, Rapp and Morehead (the Loveland Defendants) filed separate motions to dismiss but raised the same legal argument: the Complaint lacks factual allegations of a "lack of probable cause" to initiate the arrest and therefore *all* of Plaintiff's federal claims must be dismissed. Defendants concede that if the criminal charge was disposed of under Ohio R. Crim. P. 29, "then there was a finding of no probable cause."

Plaintiff will respond to both motions in his memorandum in opposition.

## II. ARGUMENT

### A. The Allegations in the Complaint Are Specific Enough to Survive a Motion to Dismiss.

Defendants argue that "[t]he allegations regarding the criminal charges, arrest and prosecution" are "no more than the 'bare assertions of legal conclusions'" and therefore fail to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a). For a complaint to satisfy 8(a)'s liberal pleading requirement, it "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

In *Scheid*, the plaintiff failed to allege *any* facts (direct or inferential) in support of one of the elements of her prima facia case of age discrimination—that she was replaced by a younger worker or that age was a factor in the employer's decision to terminate her.

Instead, the plaintiff merely plead that she was "wrongfully discharged by the Defendant in violation of Section 4101.17)." *Id.* With *no* facts to support the bare-bones legal conclusion that section 4101.17 had been violated, the complaint was deficient.

In the instant case, Mr. Griesinger was charged with voyeurism (Complaint at ¶ 28), a violation of Ohio Revised Code § 2907.08(E) which states that "No person shall secretly or surreptitiously videotape . . . another person under or through the clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person.[1] The Complaint states that the video was taken at a high school basketball game—not secretly or surreptitiously. (Complaint at ¶ 19). The Complaint states that the purpose of having the video camera at the game was to video the Dance Team Performance and that Ms. Lang was briefly videotaped as she walked by the Dance Team —not for the purpose of viewing the body or undergarments of Ms. Lang. (Complaint at ¶ 20-23). Furthermore, the Complaint states that the only reason still photos from the video were passed along to school administrators was because the administrators' investigation concluded that Mr. Griesinger's concerns were unfounded. (Complaint at ¶¶ 24-26). The Complaint goes on to state that the charge of voyeurism was brought to retaliate against Mr. Griesinger (¶¶27-34), was false (¶ 36), lacked probable cause (¶ 37), was resolved favorably to Mr. Griesinger (¶ 38). In other words, there are direct and inferential facts in support of the federal constitutional claims contained in the complaint. Defendants' motion to dismiss should be denied.

---

[1] Even if Defendants claim that the charge was brought under Subsection (A), that Subsection states that "No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another." Again, the

**B. The Criminal Charge Was Disposed of Under Ohio R. Crim. P. 29.**

"When a motion to dismiss under Rule 12(b)(6) is accompanied by matters outside the pleadings . . . it is within the district court's discretion to consider such matters and decide the motion as one for summary judgment under Rule 56." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Attached to this motion is the Journal Entry of Hamilton County Municipal Court Judge David C. Stockdale that states that on February 14, 2006, "Rule 29 motion granted. [Defendant Griesinger] acquitted." Defendants concede that an acquittal under Rule 29 disposes of their argument.

Respectfully submitted,

/s/ Lisa T. Meeks

Lisa T. Meeks (0062074)
Newman & Meeks Co., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000
(513) 639-7011 (fax)
lisameeks@newman-meeks.com

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Thomas B. Bruns**
**Jerome Kunkel**
**Thomas Deye**

/s/ Lisa T. Meeks

---

criminal complaint lacks probable cause in that there is no evidence that the purpose of the taping was for sexual gratification or arousal or was done surreptitiously