**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN GRIESINGER | Case No. **1:06CV569** |
| Plaintiff, | Judge Michael Barrett |
| v. | |
| LOVELAND CITY SCHOOL DISTRICT, ETAL., | **DEFENDANT RODNEY HOUSLEY'S REPLY MEMORANDUM AND MOTION TO STRIKE** |
| Defendants | |

In response to Defendant's Motion to Dismiss, Plaintiff has attempted to expand his complaint to include facts outside of the record. In particular, Plaintiff has attached to his Response a Journal Entry, an Affidavit and a Criminal Complaint form all purportedly from the criminal case that forms the basis of all his causes of action against the defendant.

Said criminal case was sealed by order of the state court pursuant to ORC 2953.53. As a result of said order Defendant was unaware of the contents of the state court records. Defendant objects to the use of information outside the record for purposes of this motion and moves this Court for an order striking all attachments and any reference thereto contained in Plaintiff's Response.

In the alternative, should the Court decide to consider this new information, it is Defendant's position that the Journal entry confirms that the state court found probable cause for Griesinger to stand trial. The hand written entry indicates that a trial was conducted. It further indicates that the prosecutor for the state sought an amendment of the charge against Griesinger to ORC 2907.08(E), which was granted by the Court. State's exhibits 1,2 and 3 were admitted into evidence against Griesinger. It was after the close of the evidence that Griesinger was

acquited under Rule 29. At that point the standard is beyond a reasonable doubt, not probable cause.

Ohio Crim. R. 29(A), in pertinent part, states: “The court on motion of a defendant or on its own motion , after the evidence on either side is closed, shall order the entry of a judgment of acquittal ... if the evidence is insufficient to sustain a conviction ...” The Ohio Supreme Court has held that the standard of proof for purposes of a Rule 29 motion is that each material element of the crime must have been proven **beyond a reasonable doubt**. *State v. Bridgeman,* 55 Ohio St. 2d 261, 381 NE 2d 184 (1978).

The standard to be applied in this case is probable cause. The probable cause standard requires significantly less than the beyond a reasonable doubt standard required for conviction. *Brinegar v. United States,* (1949), 338 US 160; *State v. Timson,* (1974), 38 Ohio St. 2d 122. Probable cause is also less than that amount of evidence necessary to make out a *prima facia* showing of guilt. *Spinelli v. United States,* (1969), 383 US 410.

Pursuant to O.R.C. 2953.53(D)(2) defendant Housley has unsealed the record in the state criminal action in order to defend this lawsuit. Defendant has obtained a complete transcript of the February 14, 2006 proceedings before Judge David C. Stockdale of the Hamilton County Municipal Court and attaches same as exhibit “A”. The transcript indicates that the motion to amend the charge took place after an in chambers discussion, but prior to any proceeding against Griesinger. In granting that motion, the state court permitted the trial to proceed against Greisinger on the amended charge based on the facts contained in Linda Lang’s affidavit.. If the state court, or the prosecutor, had found that the facts contained in Linda Lang’s affidavit (also attached to Plaintiff’s Response) did not establish probable cause against Griesinger, the trial

would not have gone forward. Clearly then the state court made a finding of probable when the court granted the motion to amend the charge. It should be noted that Griesinger was represented by counsel at the time of the motion to amend who offered no objection.

Where the state court makes a finding of probable cause against the accused he is collaterally estopped from re-litigating that issue in this Court. *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987).

Plaintiff's Complaint should therefore be dismissed in its entirety based on *res judicata.*

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/S/ Jerome A. Kunkel*
Jerome A. Kunkel, 0039562
Thomas Deye, 0021508
Assistant Prosecuting Attorneys
230 E. 9th St., Ste. 4000
Cincinnati, Ohio 45202
Ph 513.946.3103
Fax 513.946.3018
TRIAL ATTORNEYS
for Ronald Housley

**CERTIFICATE OF SERVICE**

I hereby certify on December 22, 2006, a copy of the foregoing Defendant's Reply Memorandum and Motion to Strike was electronically filed. Notice of its filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Jerome A. Kunkel
Jerome A. Kunkel, 0039562