UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN GRIESINGER, | : | Case No. 1:06cv569 |
| Plaintiff, | : | (Judge Barrett) |
| v. | : | |
| LOVELAND CITY SCHOOL DIST., *et al.*, | : | |
| Defendants. | : | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS (Docs. 9 and 10) and MEMORANDUM IN OPPOSITION TO DEFENDANT HOUSLEY'S MOTION TO STRIKE (Doc. 16)**
**(Affidavit of Richard J. Goldberg Attached)**

## I. PROCEDURAL POSTURE

In his memorandum in opposition to both motions to dismiss, Mr. Griesinger pointed out that his complaint contained very specific allegations concerning the lack of probable cause, an element of several of his causes of action. He also noted that his acquittal by Rule 29 motion disposed of any probable cause argument.[1] However, in Defendant Housley's reply memorandum and motion to strike he argues the opposite:

> In granting that motion [to dismiss under Rule 29], the state court permitted the trial to proceed against Griesinger on the amended charge based on the facts contained in Linda Lang's affidavit. If the state court, or the prosecutor, had found that the facts contained in Linda Lang's affidavit (also attached to Plaintiff's Response) did not establish probable cause against Griesinger, the trial would not have gone forward. Clearly then the state court made a finding of probable when the court granted the motion to amend the charge. It should be noted that Griesinger was represented by counsel at the time of the motion to amend who offered no objection.

[1] Defendant Housely agreed in his motion to dismiss that the granting of a Rule 29 motion constituted "a finding of no probable cause." (Doc. 9, Housely Motion at 5)

> Where the state court makes a finding of probable cause against the accused he is collaterally estopped from re-litigating that issue in this Court. *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987).
>
> Plaintiff's Complaint should therefore be dismissed in its entirety based on *res judicata*.

(Doc. 16 at 2-3) Mr. Griesinger therefore moved for leave to file a surreply memorandum, which Defendants do not oppose.

## II. ARGUMENT

### A. AN OHIO PROCEEDING CANNOT BE THE BASIS FOR COLLATERAL ESTOPPEL IN A FEDERAL 1983 ACTION UNLESS THE ISSUE OF PROBABLE CAUSE WAS FULLY LITIGATED.

A federal court faced with a collateral estoppel (issue preclusion) defense to a 1983 action looks to the preclusion law of the state in which it is sitting in order to determine whether a prior proceeding precludes the federal plaintiff from raising a given issue. *McKinley v. City of Mansfield*, 404 F.3d 418, 428 (6th Cir. 2005). Thus, Defendants' collateral estoppel position in this case must be judged according to Ohio preclusion law.

> In Ohio, "issue preclusion precludes the relitigation of an issue that has been *actually and necessarily litigated and determined in a prior action*." *MetroHealth Med. Ctr. v. Hoffmann-Laroche, Inc.,* 80 Ohio St.3d 212, 685 N.E.2d 529, 533 (Ohio 1997) (internal quotation marks and citations omitted). We cannot bar McKinley from asserting his Fifth Amendment claim unless the Ohio appeals court considered the "identical" claim and the court's rejection of the claim was "essential [to its] judgment." *Goodson v. McDonough Power Equip., Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978, 985 (1983).

*Id*. at 428-29 (emphasis added). The Ohio Supreme Court has recently affirmed that collateral estoppel in Ohio "prevents parties from relitigating in a subsequent case facts and issues *that were fully litigated in the previous case*." *State ex rel. Pyle v. Bessey*, 858 N.E.2d 383, 385 (Ohio Sup. Ct. 2006). Thus, the question here is whether the issue of

probable cause was "actually litigated" or "fully litigated" in the state criminal proceeding. And Defendants must demonstrate this by competent evidence, since in Ohio "the burden of pleading and proving the identity of issues rests on the party asserting collateral estoppel." *Fort Frye Teachers Ass'n v. State Employment Relations Bd.*, 692 N.E.2d 140, 148 (Ohio Sup. Ct. 1998) (dissenting opinion), relying upon *Goodson v. McDonough Power Equip., Inc.*, 443 N.E.2d 978, 983-84 (Ohio Sup. Ct. 1983).

Defendant Housley makes no attempt in his reply memorandum to present evidence that the issue of probable cause was fully litigated in the state criminal proceedings. He does not cite to any record evidence from the state court proceedings (although he attached the entire trial court transcript), and he has not presented any affidavit to support his position.[2] By contrast, Mr. Griesinger has attached to this surreply the Affidavit of Richard J. Goldberg, his attorney in the criminal case. That affidavit makes it clear that, far from being "fully litigated," the issue of probable cause was never raised or even mentioned in the entire state court criminal proceeding. The amendment to the charge was purely a ministerial matter to avoid dismissal, refiling and a probable second physical arrest. (Affidavit at ¶3-4) Thus, collateral estoppel does not apply to this case and that issue should be put to rest in its entirety.

---

[2] It appears plain from the large amount of material attached to the various pleadings that Defendants' motions to dismiss are now being treated, or should be treated, as motions for summary judgment pursuant to the express directive of Rule 12(b), Fed. R. Civ. P.: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

B. EVEN IF DEFENDANTS ARE SUCCESSFUL IN PRECLUDING MR. GRIESINGER FROM RAISING A LACK OF PROBABLE CAUSE IN THIS LITIGATION, DISMISSAL IS STILL IMPROPER WITH RESPECT TO HIS FEDERAL FIRST AMENDMENT AND ABUSE OF PROCESS CLAIMS AND HIS STATE COURT ABUSE OF PROCESS, FALSE ARREST AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS.

Defendants argue that all claims must be dismissed because all claims are predicated on the lack of probable cause. (Doc. 10 at 5-6) However, Mr. Griesinger's Federal First Amendment and Abuse of Process claims and his state court false arrest, abuse of process and intentional infliction of emotional distress claims are not predicated on the "probable cause" determination.

"A prima facie case of First Amendment retaliation pursuant to 42 U.S.C. § 1983 requires that a plaintiff demonstrate (1) he engaged in constitutionally protected activity, (2) defendant's adverse action caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in the activity, and (3) the adverse action was motivated, at least in part, as a response to his exercise of his constitutional rights." *Farhat v. Jopke*, 370 F.3d 580, 588 (6th Cir. 2004); *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000); *see also Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000)("public concern" test does not apply to the retaliation cases grounded in the petition clause of First Amendment).

Both the federal and state abuse of process claims lie when "(1) a legal proceeding has been set in motion in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damages has resulted from the wrongful use of process." *Voyticky v. Village of Timberlake*, 412 F.3d 669 (6th Cir. 2005); *Yaklevich v. Kemp, Schaeffer, & Rowe Co.* (1994), 68 Ohio St. 3d 294.

Under Ohio law, the tort of false arrest does not require proof of malice, motive or lack of probable cause, only that the detention was unlawful. *Brinkman v.* Drolesbaugh (1918), 97 Ohio St. 171, Syllabus ¶2); Faulkner *v. Faulkner*, 2000 WL 5910, at *1 (Ohio App. 6th Dist. 2000).

Intentional infliction of emotional distress lies where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America* (1983), 6 Ohio St. 3d 369.

Even if this court concludes that Mr. Griesinger is collaterally estopped from bringing the other claims in his complaint, Mr. Griesinger's First Amendment and abuse of process claims and his state law claims of false arrest, abuse of process and intentional infliction of emotional distress survive the motions to dismiss.

Respectfully submitted,

/s/ Lisa T. Meeks

Lisa T. Meeks (0062074)
Newman & Meeks Co., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000
(513) 639-7011 (fax)
lisameeks@newman-meeks.com

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Thomas B. Bruns**
**Jerome Kunkel**
**Thomas Deye**

/s/ Lisa T. Meeks