**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

John Griesinger,

    Plaintiff,

    v.                                    Case No. 1:06cv569

Loveland City School District, *et al.*,     Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendants Loveland City School District, Linda Lang, Michael Rapp, Moll Morehead ("Loveland Defendants") and Rodney Housely's Motions to Dismiss. (Docs. 9, 10) Plaintiff John Griesinger filed a Memorandum in Opposition. (Doc. 14) Defendants filed Replies and Motions to Strike. (Docs. 16, 17) With leave of Court, Plaintiff filed a Surreply. (Doc. 23) This matter is now ripe for review.

Plaintiff's claims stem from his complaints to Loveland School District administrators about Defendant Lang's management of the Loveland High School's Dance Team, of which Plaintiff's daughter was a member. (Doc. 1, ¶¶ 10-13, 16-18). Plaintiff also expressed his concern about Lang's inappropriate attire at a high school basketball game. (Id. ¶ 24) When informed that school officials concluded that Lang's attire was not inappropriate, Plaintiff e-mailed three still pictures from a videotape of a Dance Team performance that included a brief video of Lang as she walked by the Dance Team. (Id. ¶¶ 19-26) Plaintiff alleges that Defendants responded by having him arrested and publicly humiliated during half-time at a basketball game. (Id. ¶¶ 27-31). Plaintiff was charged

with criminal voyeurism. (Id. ¶ 28) Plaintiff alleges that the charge was false; and there was no probable cause to arrest or continue to prosecute him. (Id. ¶¶ 36-37) Plaintiff's Complaint states that he was tried and acquitted of the criminal charge. (Id. ¶ 38)

In his Complaint, Plaintiff brings three claims pursuant to 42 U.S.C. § 1983: (1) retaliation in violation of the First Amendment, (2) malicious prosecution in violation of the Fourth Amendment, and (3) abuse of process in violation of the Fourth Amendment. Plaintiff also brings state law claims of malicious prosecution, false arrest, intentional infliction of emotional distress, and abuse of process.

Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995); *see also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings.").

Defendants argue that Plaintiff cannot show a lack of probable cause because under Ohio Rule of Criminal Procedure 29, if a charge is lacking in probable cause, a judge

will not permit the case to be submitted to the jury.[1] Defendants reason that since Plaintiff alleges he was tried and acquitted, there was necessarily a determination of probable cause under Rule 29.[2] Defendants also urge the Court to not exercise pendant jurisdiction over Plaintiff's remaining state-law claims.

Plaintiff's response includes documents which show that the charge against Plaintiff was in fact disposed of pursuant to Rule 29. (Doc. 14-2)[3] Defendants reply that (1) Plaintiff's documents should be stricken because Plaintiff's criminal case was ordered sealed; (2) the criminal record shows that Plaintiff was acquitted under Rule 29 after a trial was conducted; and at that stage of the proceedings, the standard is beyond a reasonable doubt; and (3) the criminal record shows that the court granted a motion to amend the charge, which necessarily entails a finding of probable cause.

The Court rejects all of Defendants' arguments. Defendants provide no basis for striking Plaintiff's documents. In addition, Defendants' arguments regarding probable cause have no merit.

---

[1] Ohio Rule of Criminal Procedure 29 provides:

(A) Motion for judgment of acquittal

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

[2] This is a feckless argument, as the court dismissed the case even with the evidence being construed in a light most favorable to the State.

[3] Federal Rule of Civil Procedure 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." However, a district court may consider public records without converting the motion to one for summary judgment. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

As a point of clarification, Defendants' arguments regarding probable cause can only be read as being directed towards Plaintiffs claims for malicious prosecution under the Fourth Amendment and state law. Because Defendants' arguments do not reach Plaintiff's claims for retaliation in violation of the First Amendment, abuse of process in violation of the Fourth Amendment, and state law claims of false arrest, intentional infliction of emotional distress, and abuse of process, Defendants' Motions are DENIED with respect to those claims.

Rule 4(A)(1) of the Ohio Rules of Criminal Procedure provides, in part, an arrest warrant or summons may be issued if it appears from the complaint or affidavits filed with the complaint that there is probable cause to believe that an offense has been committed. A finding of probable cause may be based upon hearsay, in whole or in part, provided that there is substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. It is a question for the trier of fact to determine if the aforesaid occurred. Likewise, pursuant to Rule 4(A)(2) of the Ohio Rules of Criminal Procedure, a law enforcement officer may issue a summons in lieu of executing an arrest warrant if it is reasonably calculated to ensure the defendant's appearance. It is likewise a question of fact for the trier of fact to determine the appropriateness of Defendants' actions relating to the arrest in lieu of the issuance of a summons.

Furthermore, where an arrest is pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002), *quoting*, *Ex parte*

*Unites States*, 287 U.S. 241, 250 (1932).  There is no evidence in the record that Plaintiff was arrested pursuant to a grand jury or any finding of probable cause was ever made in the state court proceedings.

Finally, the Court also finds that there was no finding of probable cause when the state court judge permitted the amendment of the charge, nor was the judge required to do so in order to permit the amendment.  If anything, the prosecution's motion to amend demonstrated a lack of probable cause for the charge upon which Plaintiff was arrested.  Therefore, Defendants' Motions to Dismiss are DENIED with respect to Plaintiff's claims of malicious prosecution.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants' Motions to Strike (Docs. 16, 17) are **DENIED**; and

2. Defendants' Motions to Dismiss (Docs. 9, 10) are **DENIED**.

**IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court