**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN GRIESINGER

Plaintiff,

v.

LOVELAND CITY SCHOOL DISTRICT, ET AL.,

Defendants

Case No. **1:06CV569**

Judge Barrett

**DEFENDANT RODNEY HOUSLEY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Rodney Housley moves this Court for judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c). The doctrines of qualified immunity, quasi-judicial immunity, and sovereign immunity each constitute separate, independent bases for dismissal of plaintiff's §1983 federal law claims of retaliation and malicious prosecution in this action. Plaintiff's §1983 federal law claim of abuse of process should be dismissed because the Sixth Circuit does not recognize such a claim as constitutional and subject to redress under §1983. The attached memorandum sets forth the law in support of this motion.

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Jerome A. Kunkel*
Jerome A. Kunkel (0039562)
Thomas E. Deye (0021508)
Assistant Prosecuting Attorneys
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
DDN 513.946.3103 (Kunkel)
Trial Attorneys for Housley

**MEMORANDUM**

## 1. FACTS

The operative facts pled in plaintiff's complaint concerning Defendant Rodney Housley are that he is the Hamilton County Deputy Sheriff assigned to Loveland High School.[1] Plaintiff further alleges his daughter was a member of the Loveland High School dance team and that he was a vocal critic of the way Linda Lang coached the team.[2] During a dance team performance, at the request of his wife, Plaintiff videotaped Lang's breast cleavage and subsequently e-mailed still pictures of her cleavage to school administration.[3] Plaintiff alleges that Deputy Housley then assisted Ms. Lang in instituting criminal proceedings against him and instead of citing him to court or arresting him somewhere else, Housley chose to arrest him at the school, while a basketball game was being played.[4] Plaintiff alleges the criminal charges against him were false, and without probable cause to arrest or prosecute him. He alleges he was tried and acquitted.[5]

The entire record maintained by the Hamilton County Clerk of Courts in case number C06CRB1414 (State of Ohio v. John Griesinger) is certified and attached hereto as exhibit "A ". This Court may consider these facts when deciding this motion because they are a matter of public record.[6] Considering matters of public record does not convert this motion into a motion

---

[1]Doc. 1 par. 7.

[2]*Id.* par. 12, 13, 17.

[3]*Id.* par. 19-26.

[4]*Id.* par. 28-31.

[5]*Id.* par. 36, 37, 38.

[6]*Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

for summary judgment.[7] Of particular import to this motion is the criminal Affidavit of Linda Lang, and the Warrant for the arrest of John Griesinger issued by the Hamilton County Municipal Court. Also attached as Exhibit "B" is a certified copy of the Uniform Incident Report pertaining to the criminal case, which the Court may also consider as a matter of public record.

**2. STANDARD OF REVIEW**

A motion for judgment on the pleadings brought under Fed.R.Civ.Pro. 12(c) requires a court to apply the same legal standard employed under Fed.R.Civ.Pro. 12(b)(6). A court must "construe the complaint in the light most favorable to the plaintiffs ... and determine whether the plaintiffs undoubtedly can prove no set of facts in support of the claims that would entitle [them to] relief."[8] The court must accept all the plaintiff's factual allegations as true.[9] The court, however, need not accept as true legal conclusions or unwarranted factual inferences advanced by the plaintiff.[10] Where a defendant establishes that he is immune from suit, judgment in his favor on the pleadings and dismissal of plaintiff's claims against him is the appropriate method of adjudication by the court.[11]

**3. ARGUMENT**

**A. Deputy Housley Is Entitled To Immunity From Plaintiff's 1983 Claims.**

---

[7]*Kostrezewa v. City of Troy,* 247 F.3d 633, 644 (6th Cir. 2001).

[8]*Mixon v. Ohio,*193 F.3d 389, 400 (6th Cir. 1999).

[9]*United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir. 1993).

[10]*Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).*

[11]*See Mixon,* 193 F. 3d at 396-400.

**i. Retaliation Claim (Qualified Immunity)**

The first claim for relief alleges that plaintiff was retaliated against in violation of his First Amendment right to petition the School District about his grievances regarding the coach of the dance team.[12]

To establish such a claim, plaintiff is required to prove the following: (1) that he was engaged in conduct protected by the Constitution or statute; (2) that defendant(s) took adverse action that would deter a person of ordinary firmness from continuing to engage in such conduct; and (3) that the adverse action was at least in part taken against him because of the exercise of the protected conduct.[13]

Qualified immunity serves to shield government employees from liability when performing discretionary functions in the course of their employment.[14] In a qualified immunity analysis in a First Amendment retaliation claim, the first issue before this Court is whether the conduct that Griesinger claims was the reason for his arrest and prosecution was protected by the First Amendment. Then, if it was, whether a reasonable police officer at the time of the arrest would have understood that Griesinger's conduct was protected by the First Amendment.[15]

There are many instances where a person's speech would be protected but the conduct that accompanied the speech would not receive First Amendment protection. A line of cases in the First District Court of Appeals, Hamilton County, State of Ohio indicates that conduct which

---

[12]Doc. 1, par.40.

[13]*Smith v. Campbell,* 250 F.3d 1032 (6th Cir. 2001).

[14]*Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982).

[15]See *Wilkins v. Jakeway,* 44 Fed. Appx. 724, 2002 WL 1890178 (C.A.6 (Ohio)).

violates Ohio's criminal statutes is not protected by the First Amendment.

In *State of Ohio v. Condon* (2003), 789 N.E. 2d 696, the 1st District rejected the argument that since photographs are a form of artistic expression then the manner in which they are obtained is constitutionally protected. The Court held that the First Amendment did not grant Condon the right to photographs corpses without permission for the purpose of art. While conceding that the United States Supreme Court has recognized First Amendment protection extending beyond the spoken or written word, the Supreme Court has also recognized that just about any conduct prohibited by state law could be performed for an expressive purpose. Thus the Supreme Court has rejected the position that conduct can be labeled speech whenever the person engaged in the conduct intends thereby to express an idea.[16]

In this case, plaintiff was prosecuted for videotaping Linda Lang's breast cleavage without her permission.[17] Based on the analysis set forth in *Condon*, the fact that plaintiff videotaped Lang for the purpose of filing a complaint about her to the school administration does not provide protection to his conduct. Thus this Court should conclude that plaintiff was not arrested and prosecuted for protected speech.

For the sake of argument, if this Court were to conclude that his conduct was protected, then, because of the case law cited herein, it was not clearly established at the time of his arrest and prosecution that his conduct was entitled to First Amendment protection. Therefore a

---

[16] *State v. Condon, supra,* citing *Texas v. Johnson* (1989), 491 U.S. 397, 404, 109 S.Ct. 2533; *Spence v. Washington* (1974), 418 U.S. 405, 409, 94 S.Ct. 2727; *Barnes v. Glen Theatre Inc.* (1991), 501 U.S. 560, 576, 111 S.Ct. 2456 (Scalia, J., concurring); *United States v. O'Brien* (1968), 391 U.S. 367, 376, 88 S.Ct. 1673.

[17] Lang criminal affidavit (Ex.A).

reasonable police officer would not have understood that plaintiff's conduct was protected.

Further basis for the position that Housley would not have known plaintiff's conduct was protected is the fact that the statute plaintiff was charged with, Ohio Revised Code §2907.08(E),[18] was so recently enacted and untested that there were no reported cases to provide judicial interpretation of what type of conduct the statute was intended to prohibit.

This Court should conclude Deputy Housley is entitled to qualified immunity as to plaintiff's First Amendment retaliation claim and render judgment on the pleadings in favor of defendant.[19]

**ii. Malicious Prosecution Claim (Quasi-judicial Immunity, 11th Amendment Immunity and Qualified Immunity)**

Plaintiff's second claim for relief against Deputy Housley is a federal malicious prosecution claim based on the Fourth and the Fourteenth Amendments. Specifically, plaintiff alleges a lack of probable cause for the criminal prosecution.[20] To prove malicious prosecution under federal law, plaintiff must show that there was no probable cause to justify an arrest or a prosecution.[21]

Plaintiff was arrested pursuant to a warrant issued by the Hamilton County Municipal

---

[18]Ohio Revised Code Sec. 2907.08(E) provides: No person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person.

[19]See *Saucier v. Katz,* 533 U.S. 194 (2001).

[20]Doc. 1, par.41.

[21]*Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669 (6th Cir. 2005).

Court.[22] Said warrant was a court order commanding the Sheriff of Hamilton County to take the body of John Griesinger before the Hamilton County Municipal Court to answer the charge against him. The warrant was issued in accordance with Ohio Crim. R. 4(A)(1) which requires a judge, magistrate, clerk of court, or officer of the court to review the complaint and any affidavits filed with the complaint. Once probable cause has been determined, a warrant is issued. In arresting plaintiff, Deputy Housley was performing the very conduct prescribed by the court order.

**a. Quasi-judicial Immunity**

"Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune."[23] The concept of quasi-judicial immunity stems from the long settled proposition that judges are entitled to absolute immunity from suits for damages for actions taken in their judicial capacity unless said actions are taken in the complete absence of any jurisdiction.[24]

To determine whether an official performing a court-ordered task is entitled to absolute immunity for the task performed, the United States Supreme Court has adopted a functional approach, looking to the nature of the function performed and not the identity of the person performing it.[25] The Court has held that an official charged with the duty of executing a facially-

[22] See Warrant (Ex.A).

[23] *Shelton v. Wallace,* 886 F.Supp. 1365 (S.D. Ohio 1995), *aff'd*, 91 F.3d 144 (6th Cir. 1996).

[24] *Mireless v. Waco,* 502 U.S. 9 (1991).

[25] *Forrester v. White,* 484 U.S. 219, 224 (1988).

valid court order possesses absolute immunity from liability under §1983 claims in a suit challenging the conduct prescribed by said order.[26]

The warrant in this case is facially-valid because it is based on a complaint signed by Linda Lang, the victim, which complaint contains facts setting forth the criminal activity of Griesinger. The complaint is further supported by facts contained in the victim's affidavit which set forth the basis for the allegations of illegal activity.[27] The facts provided by the victim in the complaint and the affidavit establish a facially-valid warrant under the standards set forth by the Sixth Circuit and this Court.[28]

A facially-valid warrant is one that is based on probable cause. It is a probable cause to believe that an offense has been committed, and that the defendant committed it.[29] Probable cause supporting a valid arrest is not vitiated if the suspect is later acquitted.[30]

Based on the facts as pled, and the public records supplied to this Court, Deputy Housley is entitled to immunity from suit on plaintiff's federal malicious prosecution claim under the doctrine of quasi-judicial immunity. Judgment on the pleadings in his favor is warranted.

**b. 11th Amendment Immunity**

The state and its agencies and departments are immune from suit in federal court under

---

[26] *Pierson v. Ray,* 386 U.S. 547, 553-554 (1967); *Turney v. O'Toole,* 898 F.2d 1470, 1472 (10th Cir. 1990).

[27] See Criminal Complaint and Criminal Affidavit (Ex.A).

[28] *United States v. Fachini*, 466 F.2d 53 (6th Cir. 1972); *Sampson v. City of Xenia*, 108 F. Supp. 2d 821, 837 (S.D. Ohio 1999 Rice, CJ); *Webb v. Greene County Sheriff's Office,* 2007 WL 1954822 (S.D. Ohio).

[29] Ohio Crim. R. 4 (A)(1).

[30] *Criss v. City of Kent*, 867 F.2d 259 (6th Cir. 1988).

42 U.S.C. §1983 unless the state waives the immunity.[31] A local government official may serve as an alter ego or arm of the state and, in that capacity, may receive 11th Amendment protection.[32]

Ohio Revised Code § 311.07 mandates that the county sheriff shall execute all warrants directed by any proper and lawful authority of this state. The Hamilton County Municipal Court was created by state statute to enforce state law.[33] Once the Hamilton County Municipal Court issued the warrant based on the complaint and affidavit of Linda Lang, the sheriff of Hamilton County and all of his deputies, including Deputy Housley, had an obligation under state law to enforce the warrant issued for Griesinger's arrest.[34]

Under these circumstances Deputy Housley was acting in compliance with state law when he executed the warrant directed to him by the clerk of courts and he is entitled to 11th Amendment immunity.[35] It can be of no moment to this Court that Griesinger was physically arrested on the warrant and transported to the jail for processing rather than merely cited to Municipal Court. The Sixth Circuit has held that there is no basis for the argument that a criminal defendant has a fundamental right to be served with a citation rather than be subject to full arrest for a misdemeanor once the officer has probable cause to make the arrest.[36]

---

[31]*Weaver v. University of Cincinnati*, 758 F. Supp. 446 (S.D. Ohio 1991).

[32]*McMillian v. Monroe County, Alabama,* 520 U.S. 781, 785 (1997); *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir. 1993).

[33]Ohio Revised Code Sec. 1901.01,1901.02.

[34]*Rice v. Leis,* 2005 WL 3216626 (S.D. Ohio 2005).

[35]*Id.*

[36]*Henderson v. Reyda*, 192 Fed. Appx. 392, 2006 WL 2220981 (C.A.6 (Tenn.)).

Deputy Housley is entitled to a judgment on the pleadings as to plaintiff's second claim for relief based on 11th Amendment immunity.

**c. Qualified Immunity**

If this Court finds that Deputy Housley arrested plaintiff pursuant to a facially-valid warrant, then no constitutional violation occurred because it was an arrest based on probable cause. In any event, it is Housley's position that the arrest was pursuant to probable cause.

The United States Supreme Court has held that if the arresting officer has reasonable cause to believe that a suspect has committed an offense then probable cause exists for the arrest. The officer's probable cause can be based on a crime other than the offense stated at the time of the arrest and there is no requirement that the two offenses be closely related.[37]

A person is lawfully arrested when facts known to the arresting officer give probable cause to arrest. The officer's state of mind (except for the facts he knows) is irrelevant to the existence of probable cause. His subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.[38]

The facts known to Deputy Housley at the time of the arrest are contained in the criminal complaint signed by Linda Lang, the criminal affidavit written by Linda Lang and Housley's own Uniform Incident Report. These facts clearly establish probable cause for violations of the following criminal offenses in Ohio: Voyeurism, Disorderly Conduct,[39] Stalking.[40]

---

[37]*Devenpeck v. Alford*, 543 U.S. 146, 125 S.Ct. 588 (2004). See also *Voyticky, supra.*

[38]*Id.*

[39]Ohio Revised Code Sec. 2917.11(A),(E)(3).

[40]Ohio Revised Code Sec. 2903.211(A)(1).

Should this Court decide that the arrest violated a constitutional right, then Housely maintains that it would be unclear to a reasonable police officer that his conduct was unlawful in the situation he confronted. Housley's situation is that of an officer helping a female victim file charges against a man who has been, over the course of the previous 18 months, repeatedly harassing and intimidating her. Housley has information from numerous other sources that this behavior is occurring.[41] Housley helps facilitate the victim in the signing of a complaint and has her write out an affidavit containing the facts upon which the Voyeurism charge is based. The statute has not yet been subjected to judicial interpretation. The papers are then filed with the Municipal Court. The Court then issued a warrant commanding the sheriff to arrest plaintiff.

It can not be said that a reasonable officer would clearly understand that by relying in good faith on an arrest warrant, for a charge that has not yet been interpreted by a court, he would be violating a constitutional right. Housley is entitled to qualified immunity under the facts.

**iii. Abuse Of Process Claim**

Plaintiff sets forth in his Sixth Claim For Relief an abuse of process claim based on the 4th and 14th Amendments.[42] The Sixth Circuit has never specifically determined whether an abuse of process claim is a cognizable constitutional claim which can be asserted through §1983.[43] This Court should dismiss this claim for failure to state a claim upon which relief can be granted.

If this Court considers it to be a valid claim, then the Ohio tort law regarding abuse of

---

[41]See Exhibit "B".

[42]Doc.1, par.45.

[43]*Voyticky*, *supra.*

process applies to this claim. In Ohio, the first element to such a claim is that a legal proceeding has been set in motion in proper form and **with probable cause**.[44] Thus plaintiff has put himself in the untenable position of having to prove a lack of probable cause in the institution of the criminal proceedings against him for his malicious prosecution claim, whereas he must prove the existence of probable cause in those same proceedings for his abuse of process claim. Because plaintiff has pled a lack of probable cause in paragraph 37 of his complaint, he can not state a claim for relief under an abuse of process theory. Thus both his federal and state law abuse of process claims must be dismissed on the pleadings.

**iv. State Law Claims**

This Court should decline to exercise supplemental jurisdiction of plaintiff's remaining state law claims and dismiss them without prejudice.[45]

## 4. CONCLUSION

Deputy Housley has demonstrated that as a matter of law he is entitled to qualified immunity as to plaintiff's 1st Amendment Retaliation Claim. Further he is entitled to quasi-judicial, 11th Amendment immunity and qualified immunity as to plaintiff's Malicious Prosecution Claim. Additionally, plaintiff's Abuse of Process claims fail to state a claim upon which relief can be granted.

Therefore, Deputy Housley respectfully moves this Court to enter judgment on the pleadings in his favor on all plaintiff's federal law claims summarily dismissing said claims, and

---

[44] *Id.*, emphasis added.

[45] *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997).

further dismissing plaintiff's state law claims without prejudice.

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Jerome A. Kunkel*
Jerome A. Kunkel (0039562)
Thomas E. Deye (0021508)
Assistant Prosecuting Attorneys
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
513.946.3103
Trial Attorneys for Ronald Housley

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2007, the foregoing Motion For Judgment On The Pleadings was filed electronically with the Clerk's CM/ECF system which will automatically notify all parties of record of its filing.

*/s/ Jerome A. Kunkel*

Jerome A. Kunkel (0039562)