UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN GRIESINGER., | : | Case No. 1:06cv569 |
| Plaintiffs, | : | Judge Barrett |
| v. | : | MEMORANDUM IN OPPOSITION TO DEFENDANT RODNEY HOUSLEY'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 34) |
| LOVELAND CITY SCHOOL DISTRICT, *et al*. | : | |
| | : | |
| Defendants. | : | |

## I. INTRODUCTION

In his second Rule 12 motion Defendant Housley argues that Mr. Griesinger's complaint should be dismissed for the following reasons:

A. Housley is entitled to qualified immunity from Mr. Griesinger's First Amendment retaliation claim because Mr. Griesinger has neither identified a constitutional right nor was that right clearly established at the time of the violation. (Memo. at 4-6)

B. Housley is shielded by absolute "quasi-judicial immunity" because in executing the arrest warrant he was performing a task "so integral or intertwined with the judicial process" he should be considered be an arm of the judge and therefore benefit from the judge's immunity from liability for judicial acts. (*Id*. at 7-8)

C. Housley is protected by the Eleventh Amendment from a malicious prosecution claim because he was an alter ego or arm of the state when executing the arrest warrant. (*Id*. at 8-10)

D. Housley is entitled to qualified immunity from Mr. Griesinger's malicious prosecution claim because the warrant was facially valid and therefore the arrest was based on probable cause. (*Id*. at 10-11)

E. There is no constitutional basis for an abuse of process claim brought pursuant to 42 U.S.C. § 1983, but even if there is that claim should be dismissed because proof of an element of that claim contradicts other claims in the complaint. (*Id*. at 11-12)

F. Once the federal claims are dismissed, this Court should dismiss any remaining state law claims with prejudice. (*Id*. at 12)

Mr. Griesinger will address each argument in the order presented.

## II. ARGUMENT

### A. The Complaint States a Cognizable First Amendment Retaliation Claim

The crux of Mr. Griesinger's First Amendment claim is that he complained loudly and often to school officials about Defendant Lang's management of the Loveland High School Dance Team of which his daughter was a member. (Complaint at ¶¶ 10-13, 16-18). Mr. Griesinger also expressed concern about Defendant Lang's inappropriate attire at a school basketball game. (*Id.* at ¶ 24) In retaliation for his complaints, Defendants had Mr. Griesinger arrested and publicly humiliated during half-time at a basketball game. (*Id.* at 27-31). The charge of voyeurism was false, there was no probable cause to arrest or continue to prosecute Mr. Griesinger and ultimately, he was tried and acquitted of the criminal charge. (*Id.* at ¶¶ 36-38).

Officer Housley argues that qualified immunity protects him from a First Amendment retaliation claim because (1) Mr. Griesinger has not identified conduct that violates the First Amendment and (2) even if he did, the right allegedly violated was not

clearly established at the time of the violation. (Memo at 4) To the contrary, Mr. Griesinger has alleged a violation of the petition clause of the First Amendment. Furthermore, the right to be free from retaliation for petitioning the government for redress of grievances was clearly established at the time of Mr. Griesinger's arrest.

In *Gable v. Lewis*, 210 F.3d 769 (6th Cir. 2000), the owner of an automobile towing company claimed that an official of the Ohio Highway Patrol had her company removed from the patrol's towing referral list because the owner had filed a sex discrimination complaint against the patrol. *Id.* at 770. The owner claimed that the patrol's retaliation violated the petition clause of the First Amendment which bars government from "abridging . . . the right of the people . . . to petition the government for a redress of grievances." The defendant sought qualified immunity, claiming the constitutional right was not clearly established at the time of the violation. *Id.* The Sixth Circuit resoundingly rejected the qualified immunity argument, holding "that government retaliation for filing a petition violates the literal language of the Petition Clause." *Id.*. at 772. *Gable* provides the "fair warning" necessary to clearly establish this constitutional right. See *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

Because Housely's motion is pursuant to Rule 12(c), this Court must accept as true Mr. Griesinger's allegation that Defendants' response to his petitions to school administrators was to have him arrested on false criminal charges. Mr. Griesinger has identified a constitutional violation of the petition clause and the constitutional right was clearly established. Officer Housley is therefore not entitled to qualified immunity on the First Amendment retaliation claim.

Officer Housley relies on *State v. Condon*, 789 N.E.2d 696 (Ohio App. 2003), but this reliance is misplaced. In *Condon* a photographer was convicted of eight counts of abusing a corpse because he used human corpses in the county morgue as models without any legal authorization and without first obtaining the consent of family members. The photographer appealed his conviction on several grounds, including that his *conduct* (taking the photographs) could not be subject to criminal prosecution because the conduct was a form of artistic expression. *Id*. at 703. The Court rejected the photographer's argument that criminal behavior could be immunized by the First Amendment claim that it was imbued with artistic expression. *Id*. at 704.

*Condon* doesn't have anything to do with Mr. Griesinger's case. First, *Condon* examines the "freedom of speech" clause of the First Amendment, not the petition clause. There's been no claim of artistic expression in the instant case. In fact, Officer Housley states that "plaintiff videotaped Lang for the purpose of filing a complaint about her to the school" rather than as an art project. (Memo. at 5)

Second, the photographer in *Condon* was convicted of the criminal charges and then tried to argue that freedom of expression immunized criminal conduct. Mr. Griesinger's charges were dismissed at the conclusion of the state's case.

In passing, Mr. Housley also argues that he is entitled to qualified immunity because the voyeurism statute was recently enacted and the dearth of case law interpreting that statute prevented him from knowing what behavior the statute sought to proscribe. (Memo. at 6) However, a qualified immunity analysis asks if there is case law that clearly establishes a *constitutional* violation, not whether there are enough cases construing a criminal statute.

### B. A State Actor Who Participates in the Faking of a Complaint and Affidavit in Order to Make an Arrest He Knows is Invalid Cannot Claim Absolute Immunity Derived From the Immunity of a Judicial Officer.

As this Court has already held in rejecting Defendant Housely's first attempt at a Rule 12 dismissal, "there is no evidence in the record that . . . any finding of probable cause was ever made in the state court proceedings." (Doc. 24, Order at 5). This is the first factor that undercuts Defendant Housely's position, which is based upon the existence of probable cause. (Housely Memo. at 8)

Moreover, it is clear from the first two pages of Defendants' Exhibits A, the Municipal Court Complaint and the Municipal Court Affidavit, that Housely crossed out the key element of the offense, "for the purpose of sexually arousing or gratifying himself/herself," with full knowledge that he was presenting a defective complaint and therefore was not merely performing a ministerial act

The Supreme Court rejected absolute immunity in an identical case, *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092 (1986). *Malley* was a 1983 action against a state law enforcement officer who had caused the federal plaintiffs to be arrested by presenting a state judge with a complaint and supporting affidavit which failed to establish probable cause. All nine Justices agreed that "in the case of the officer applying for a warrant, it is our judgment that the judicial process will on the whole benefit from a rule of qualified rather than absolute immunity." 475 U.S. at 343, 106 S.Ct. at 1097. The same should be true here.

### C. The Eleventh Amendment Does Not Shield Officer Housley from a Malicious Prosecution Claim.

Officer Housley (a *county* deputy sheriff sued in his individual, not official capacity) argues that Eleventh Amendment immunity (an immunity that protects the *state* and its agencies) protects him from a malicious prosecution claim brought pursuant to § 1983. The rational for this argument is as follows: (1) a county sheriff can be "an alter ego or arm of the state" (2) when the sheriff (or one of his deputies) executes an arrest warrant issued pursuant to state law. (Memo at 9) Officer Housely's reliance on *McMillian v. Monroe County, Alabama*, 520 U.S. 781, 117 S.Ct. 1734(1997), and *Rice v. Leis,* 2005 WL 3216626 (S.D. Ohio 2005), to support his argument is misplaced.

In *McMillian* the plaintiff alleged that a county sheriff unlawfully suppressed exculpatory evidence during his criminal trial. The plaintiff sued the sheriff in his official capacity, claiming that the sheriff acted as a county "policymaker" for 1983 purposes. The county argued that as a policymaker for the state the sheriff was protected from suit by the Eleventh Amendment. The Court stated that a sheriff could be either a county or a state policymaker, depending on the particular area of authority or the particular issue. 520 U.S. at 785. In the case before it the Court held that the sheriff was acting in his law enforcement capacity and was therefore an arm of the state, not the county, and was immune from suit. *Id*. at 793.

Similarly, *Rice* held that Sheriff Leis, sued in his official capacity, was immune for enforcing a warrant pursuant to state statute. The Sixth Circuit reiterated that "county officials who act in the capacity of a state official in enforcing state law that affords no discretion can be considered a state official and gain Eleventh Amendment immunity." Rice at *4 (internal citation omitted).

Officer Housley's argument neglects one critically important point in his reliance on this line of cases — the Eleventh Amendment *only* immunizes a county official sued in his or her *official* capacity. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107 (1985):

> The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.

(Citations omitted.) Since Mr. Griesinger has sued Officer Housley in his individual, not his official capacity (Complaint, ¶ 7), the Eleventh Amendment immunity doctrine is inapplicable here.

**D. Officer Housley Cannot Rely Upon Unsworn, Non-Record Facts to Claim Qualified Immunity When He Has Knowingly Procured a Complaint, Affidavit and Warrant Without Probable Cause.**

> Qualified immunity involves a three-step inquiry. First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Meals v. City of Memphis*, 493 F.3d 720, 729 (6th Cir. 2007). Regarding the first step, Officer Housely repeats his probable cause position (doc. 34 at 10) but does not mention the fact that he himself crossed out the key element of the offense, "for the purpose of sexually arousing or gratifying himself/herself," and then went ahead and served the warrant anyway. Viewing this fact in the light most favorable to Mr. Griesinger, Officer Housley must have known that the complaint, affidavit and warrant lacked probable cause – in fact, it didn't even state an offense under Ohio law. Knowingly acting in this

manner not only creates a constitutional violation, it involves a clearly established right and therefore satisfies the second step. For example, in *Yancey v. Carroll County, Kentucky*, 876 F.2d 1238 (6th Cir. 1989), the Sixth Circuit held: "Thus, an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Id*. at 1243-44 (citing cases). Here, Officer Housely knowing presented the judicial officer with a complaint and affidavit so lacking in the essential element of the crime asserted that he was forced to edit the form to eliminate that element. No competent officer could have been unaware that he or she was thereby effecting an arrest without probable cause.

As to the third step, it is impossible to believe that any reasonable law enforcement officer would make an arrest based upon form documents where the key element of the offense was crossed out, especially where the officer himself was present at the deletion and knew exactly why it was carried out.

Officer Housley does not present any legal authority of his own, nor does he attempt to distinguish the existing case law. Instead he tells this Court that he was merely "helping a female victim" because of Mr. Griesinger's conduct "over the course of the previous 18 months, [in] repeatedly harassing and intimidating her [defendant Lang]. Officer Housley has information from numerous other sources that this behavior is occurring."

Officer Housley has presented no case law indicating that if a police officer believes a suspect to be a bad person – and therefore believes he must have committed a certain crime – the officer is entitled to procure a complaint and affidavit which he

knows do not state the elements of that (or any other) crime and nevertheless have the suspect arrested. Whether this be intentional wrongdoing or total incompetence is unclear on this record, but in either case qualified immunity is inappropriate. See *Revis v. Meldrum*, 489 F.3d 273, 286 (6th Cir. 2007) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

**E. An Abuse of Process Claim Can Be Redressed Pursuant to § 1983.**

Officer Housley asks that Mr. Griesinger's federal abuse of process claim be dismissed because the Sixth Circuit "has never specifically determined whether an abuse of process claim is a cognizable constitutional claim which can be asserted through § 1983." (Doc. 34, Housely Memo. at 11) See *Voyticky v. Village of Timberlake*, 412 F.3d 669 (6th Cir. 2005). The Sixth Circuit has certainly not rejected such a claim. Instead, dicta from Sixth Circuit cases indicates a willingness to recognize a constitutional abuse of process claim. *See Lock v. Watkins*, 337 F.3d 574 (6th Cir. 2003); *Eldridge v. Gibson*, 332 F.3d 1019 (6th Cir. 2003).

And while it is also true that not every state tort rises to the level of a constitutional violation, *Paul v. Davis,* 424 U.S. 693; *Estelle v. Gamble,* 429 U.S. 97 (1977), certain abuses of government power do rise to the level of a constitutional violation. "Whether abuse of legal process . . . rises to the level of a constitutional violation actionable under 42 U.S.C. § 1983 depends upon whether, acting under color of state law, the defendant has subjected the plaintiff to a deprivation of constitutional magnitude. However, conduct which merely engenders common law tort liability, without infringing on constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983." *Alvarez Castro v. Negron*, 475 F. Supp.

2d 147, 153 (D. Puerto Rico, 2007). Mr. Griesinger has alleged a violation of constitutional magnitude.

Finally, Officer Housley suggests that Mr. Griesinger's abuse of process claim should be dismissed because an element of the that claim contradicts his malicious prosecution claim. The Federal Rules of Civil Procedure permit pleading in the alternative and even the pleading of inconsistent claims. Fed. R. Civ. P. 8(e)(2).

### F. The Interests of Judicial Economy Weigh in Favor of Retaining Jurisdiction Over the State Law Claims Against Officer Housley.

If Mr. Griesinger's federal claims against all Defendants are dismissed in their entirety, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. Obviously, this motion addresses only those claims against one defendant, Officer Housley. In any event, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marian General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). The Third Circuit has held that, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). The interests of judicial economy weigh in favor of retention of Mr. Griesinger's remaining claims.

Finally, a Court must scrutinize with "special care" a motion to dismiss a complaint filed under a civil rights statute. *See Perry v. McGinnis*, 209 F.3d 597, 603 (6th

Cir. 2000). At the very least, if this Court grants Officer Housley's motion, the state law claims should be dismissed without prejudice.

Respectfully submitted,

/s/ Lisa T. Meeks

Lisa T. Meeks (0062074)
Newman & Meeks Co., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000
(513) 639-7011 (fax)
lisameeks@newman-meeks.com

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Thomas B. Bruns**
**Jerome Kunkel**
**Thomas Deye**

/s/ Lisa T. Meeks