**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN GRIESINGER

Plaintiff,

v.

LOVELAND CITY SCHOOL DISTRICT, ET AL.,

Defendants

Case No. **1:06cv569**

Judge Barrett

**Defendant Rodney Housley's Reply Memorandum To Plaintiff's Response To His Motion For Judgment On The Pleadings**

Defendant Rodney Housley maintains he is entitled to judgment on the pleadings on all of Plaintiff's § 1983 claims based on immunity.

**1) Retaliation Claim**

Defendant maintains he is entitled to qualified immunity from Plaintiff's 1st Amendment retaliation claim. This is because Plaintiff was arrested for his conduct directed towards Linda Lang, coach of the Dance Team, not the Loveland School Board. Such conduct does not warrant the protection of the 1st Amendment.

The Court should not accept as true the conclusion as alleged in Plaintiff's complaint that Plaintiff was prosecuted in response for his petitions to school administrators. The mere fact that Plaintiff later used the photos to further his campaign to attempt to have Linda Lang removed as coach, and his daughter placed on the varsity dance team, does not compel the needed legal conclusion that his prosecution was intended to quell his protest.

In fact, a review of the public record in this case demonstrates that while his arrest warrant was based on his taking the photos of Linda Lang's breasts, her decision to prosecute the

Plaintiff was based upon 18 months of intimidation and harassment at the hands of Plaintiff.[1] Plaintiff can not claim 1st Amendment protection for such illegal and outrageous conduct. His actions toward Lang are not and can not be viewed by this Court as part of his right to petition the government. His actions are more appropriately viewed as violations of state law, including, but not limited to, O.R.C. §2921.03, Intimidation.[2] In this regard the *Condon* decision is dispositive in it's holding that such criminal conduct is not protected by the 1st Amendment.[3]

Should this Court decide that Plaintiff was prosecuted because he "... has been a vocal critic of Ms. Lang's management of the Dance Team"[4] then this Court is also compelled to find qualified immunity. The recent 6th Circuit decision in *Lowrey* v. *Euverard,* __ F.3d __, 2007 WL 2213215 (C.A.6 (Tenn.)), held that there is no 1st Amendment violation for retaliation against students for complaints about a coach in an effort to get that coach fired just because you disagree with their management of the team.

Students 1st Amendment rights are limited.[5] Public schools are not run as a democracy. They exist to provide a place where teachers give knowledge to students. Unlike most parts of the government, the authority structure is not bottom-up. It is top-down, i.e., the authority of the school officials does not depend on the consent of the students.[6] Further, students on voluntary

---

[1]See Doc. 35, Lang criminal affidavit.

[2]Plaintiffs conduct also violates the laws of Voyeurism, Disorderly Conduct and Stalking.

[3]*State v. Condon* (2003), 789 N.E. 2d 696.

[4]Doc. 1. par.7.

[5]Plaintiff's 1st Amendments rights to petition the School Board regarding his student/daughter's coach can not be greater than the student's rights, for in reality he is protesting on her behalf, to get her placed on the varsity team and/or have her coach fired.

[6]*Lowrey, supra.*

teams are subject to more 1st Amendment restrictions than the student body at large.[7] The goal of the team is to win and the coach determines how to achieve that goal. Execution of the coaches will is paramount to the success of the team. It is not the same as a classroom teacher whose role is to interact with the students and stimulate discussion about the various topics being taught.

The 1st Amendment does not give the student participating in a competitive, voluntary extracurricular program the right to undermine the authority of the coach. This includes complaining about the decision of who makes the varsity team.[8] If the student does not have that right, then obviously the parent does not either because the rationale is the coach's authority should not be undermined.

The Supreme Court has held that it is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion. Section 1983 was not intended to be a vehicle for federal-court correction of errors in the exercise of that discretion[9] Thus, Plaintiff's  complaints to the School Administration about Coach Lang's management of the team do not enjoy 1st Amendment protection.

**2) Malicious Prosecution Claim**

**a) Quasi-judicial Immunity**

Plaintiff has accused Defendant Housley of "faking" a complaint in order to obtain an arrest warrant. Plaintiff maintains that Housley crossed out the key element of the offense, i.e., that the act was done for the purpose of sexual gratification. Plaintiff position is completely

---

[7]*Vernonia Sch. Dist. 47J v. Acton*, 115 Sct 2386 (1995).

[8]*Wildman v. Marshalltown,* 249 F3d 768 (8th Cir. 2001).

[9]*Wood v. Strickland,* 95 Sct 992 (1975).

wrong. The criminal complaint, signed by Linda Lang, alleges facts which show a violation of R.C. 2907.08(E).[10] That section of the law against voyeurism, clearly does not require that the offending conduct be done for the purpose of sexual gratification. Thus the redaction of that language from the form complaint by either the Clerk of Courts or anyone else, was both appropriate and necessary and is of no moment to this Court's immunity analysis.

Further, unlike in *Malley,* (the case relied on by Plaintiff) Housley was not the affiant, and gave no testimony himself to obtain the warrant. He merely performed the ministerial duty of assisting a victim in the filing of a charge. The warrant was therefore facially valid, entitling Housley to quasi-judicial immunity.

**b) 11th Amendment Immunity**

Plaintiff claims that Housley is not entitled to immunity under the 11th Amendment because Plaintiff chose to sue him in his individual capacity only. However, Housley's acts for which Plaintiff seeks relief , i.e., assisting in the filing of the complaint and serving the arrest warrant, are purely official, ministerial duties required of him by State law. Thus he should be entitled to 11th Amendment immunity.

**c) Qualified Immunity**

Plaintiff argues once again that Housley is not entitled to qualified immunity because he presented a complaint that lacked a necessary element, that element having been crossed out on the complaint. Once again Plaintiff is wrong. The redacted language was not necessary or even appropriate for a complaint charging a violation of the section of the statute under which Plaintiff was prosecuted. This argument is feckless.

---

[10]See Doc. 34, p. 6 footnote 18 for the text of the statute.

What is important to this Court's immunity analysis are the allegations in Plaintiff's complaint  that Housley helped Lang complete her (criminal) Complaint and affidavit and agreed to serve as a witness on the charge.[11] Those are the only factual allegations in Plaintiff's complaint regarding the process which resulted in the issuance of the warrant for Plaintiff's arrest. There are no factual allegations that Housley stated a deliberate falsehood or withheld material information from the issuing authority. Nor are there facts which allege that without the deliberate falsehoods or withholding of material information the warrant would not have been issued.

The 6th Circuit has held that in order to overcome the officer's entitlement to qualified immunity, a plaintiff asserting  a malicious prosecution claim against the officer who obtained the warrant, must establish a substantial showing that the officer stated a deliberate falsehood or showed reckless disregard for the truth and the allegedly false or omitted information was material to the issuance of the warrant.[12] Absent that showing, the officer may rely on a judicially- secured warrant as satisfactory evidence of probable cause, of a kind sufficient to prevent the arrestee from recovering from the officer for alleged 4th Amendment violations.[13]

In the instant case, Housley is entitled to a judgment on the pleadings because Plaintiff has not made the necessary factual allegations to contest Housley's entitlement to qualified immunity.

---

[11]Doc. 1, par.28.

[12]*Vakilian v. Shaw,* 335 F3d 509 (6th Cir. 2003). *Mechler v. Hodges,* 2006 WL 2927253 (S.D. Ohio).

[13]*Id.*

**3) Abuse of Process Claim**

Plaintiff's abuse of process claim does not allege a constitutional violation that has been recognized by the 6th Circuit. Even if this Court would allow such a claim to go forward it would have to be based on the State law tort of abuse of process. In Ohio a necessary element to such a claim in this case is that the criminal process began with probable cause, but was later perverted.[14]

The problem this presents is that all of Plaintiff's other claims require a showing of a lack of probable cause in the institution of the criminal proceedings. Plaintiff argues that he is permitted under the Rule 8(e) of the Federal Rules of Civil Procedure to plead in the alternative.

While that is a basically correct statement of the law, it is only true for alternate claims based on the same facts. Here we have conflicting facts asserted by Plaintiff. Internally conflicting factual assertions that constitute integral components of a claim is far different than pleading alternative claims based on the same set of factual assertions.[15] Rule 8(e) does not allow plaintiffs to plead inconsistent assertions of fact that serve as factual predicates for separate claims.[16]

Which set of conflicting facts presented by Plaintiff does the Court accept as true? The Court can not accept the assertion that there was no probable cause for the malicious prosecution while simultaneously accepting that there was probable cause for purposes of the abuse of

---

[14] *Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669 (6th Cir. 2005).

[15] *In re Livent, Inc. Noteholders Secs. Litigation,* 151 F.Supp.2d 371, 407 (D.C.N.Y. 2001).

[16] *National Western Life Ins. Co. v. Merrill Lynch,* 112 F.Supp.2d 292 (S.D.N.Y. 2000).

process claim. In this case, since Plaintiff has specifically pled a lack of probable cause, Defendant is entitled to judgment on the pleadings for the abuse of process claim.

**4) Conclusion**

Defendant Housley is entitled to qualified immunity on Plaintiff's 1st Amendment Retaliation claim because Plaintiff was not engaged in activity protected by the Constitution.

Housely is entitled to quasi-judicial and 11th Amendment immunity on Plaintiff's Malicious Prosecution claim because he was performing a ministerial duty required of him by State law on behalf of the Municipal Court of Hamilton County. He is also entitled to qualified immunity on this claim because he was executing a facially valid arrest warrant and there are no allegations that he obtained the warrant through knowingly false accusations.

Therefore, Housely is entitled to judgment on the pleadings against Plaintiff as to all of Plaintiff's federal law claims.

Respectfully Submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*<u>/s/ Jerome A. Kunkel</u>*
Jerome A. Kunkel, 0039562
Thomas E. Deye, 0021508
Assistant Prosecuting Attorneys
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
513.946.3103
Trial Attorneys for Ronald Housley

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2007 the foregoing Reply Memorandum was electronically filed with the Clerk's CM/ECF system which will automatically notify all parties of record of its filing.

/s/ *Jerome A. Kunkel*
Jerome A. Kunkel, 0039562
Senior Assistant Prosecutor